UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALAN W. JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00591-JPH-TAB |
| | ) | |
| CENTURION HEALTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANT HILL'S MOTION FOR SUMMARY JUDGMENT**

Alan Jenkins, an inmate in the Indiana Department of Correction ("IDOC"), alleges in this case that the defendants were deliberately indifferent to his serious eye condition when he was incarcerated at Pendleton Correctional Facility ("PCF"). Defendant Stephen Hill has moved for summary judgment. Dkt. 143. For the reasons below, that motion is **DENIED**.

## I. Summary Judgment Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez,* 761 F.3d 822, 827 (7th Cir. 2014). A court only has to

consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II.
## Motion to File Belated Reply

Dr. Hill has filed a motion to file a belated reply. Dkt. 199. In support of that motion, Dr. Hill explains that his reply in support of his motion for summary judgment was due on August 10, 2026, and that counsel had drafted the reply but, through inadvertence, it did not get filed. Rule 6(b)(1)(B) allows the court to extend the time to submit a filing after the time to do so has expired "if the party failed to act because of excusable neglect." The "oversight" in failing to file this brief does not rise to the level of excusable neglect and therefore the motion is **denied**. Dkt. [199]; *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020) ("plain neglect is not 'excusable neglect'") (citing cases).

## III.
## Factual Background

Because Defendant Hill has moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to Mr. Jenkins and draws all reasonable inferences in his favor. *Khungar*, 985 F.3d at 572–73.

Dr. Hill is an optometrist who provided services at PCF as a contractor during the relevant time. Dkt. 143-1 ¶ 5. As a contract optometrist, Dr. Hill could make recommendations or request referrals for additional treatment or examination, but he did not have the authority to direct this kind of care. *Id.* ¶ 11. To request an outpatient referral, Dr. Hill would fill out a request identifying the problem, suggesting the type of specialist, and then communicating to Centurion that the outpatient referral had been made. *Id.* ¶ 12. Dr. Hill was not involved in the review and approval of outpatient referrals. *Id.*

On March 25, 2022, Dr. Hill saw Mr. Jenkins and prescribed him new eyeglasses. *Id.* ¶ 7. His uncorrected vision bilaterally was 20/70. *Id.* Mr. Jenkins told Dr. Hill that he had eye pain and vision problems. Dkt. 188 at 3-4 ¶ 4-6. Dr. Hill did not document or remember Mr. Jenkins having cataracts at that time, and does not remember Mr. Jenkins complaining of eye pain. Dkt. 143-1 ¶ 8. But Mr. Jenkins designates evidence that Dr. Hill told him he had a cataract and needed surgery, and that Centurion would not approve the surgery because of the cost. Dkt. 188 at 4 ¶ 6. Mr. Jenkins' designated evidence includes a grievance that he submitted within several days of the March 25 appointment, stating that Dr. Hill told him during that visit that he had a cataract. Dkt. 81-1 at 5.

Dr. Hill next saw Mr. Jenkins on April 29, 2022, and noted that Mr. Jenkins complained of new pain in both eyes. Dkt. 143-1 ¶ 9. Due to these complaints, Dr. Hill made a request for an outpatient referral for evaluation by an ophthalmologist. *Id.* On May 2, Centurion's Administrative Assistant forwarded the referral for approval. Dkt. 143-2 at 2. The consult was approved that day. *Id.* at 1.

On June 17, 2022, Dr. Hill learned of a health care request that Mr. Jenkins made about eye pain. Dkt. 143-1 ¶ 13. At that time, Dr. Hill did not know whether the outpatient referral he made in April was approved or not, so he told Mr. Jenkins to ask Ms. Hamblen, the PCF Health Services Administrator for Centurion at the time. *Id.* On June 29, Dr. Nisha Kheradiya saw Mr. Jenkins at Ascension Medical Group in Anderson, Indiana and diagnosed him with cataracts. Dkt. 143-3 at 1-6. She recommended cataract surgery and prescribed eye drops. *Id.*

Dr. Hill stopped working at PCF at the end of June 2022. Dkt. 143-1 ¶ 15.

## IV.
## Discussion

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on the states, through the Fourteenth Amendment, "to provide adequate medical care to incarcerated individuals." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a

deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

Dr. Hill does not argue that Mr. Jenkins' eye condition was not a serious medical need. Instead, Dr. Hill contends that no reasonable jury could find that he acted with deliberate indifference—that is, that he "consciously disregarded a serious risk to [Mr. Jenkins]'s health." *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 241 (7th Cir. 2021) (cleaned up). Deliberate indifference requires more than negligence or even objective recklessness. *Id.* Rather, Mr. Jenkins "must provide evidence that Dr. Hill actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016).

"Of course, medical professionals rarely admit that they deliberately opted against the best course of treatment. So in many cases, deliberate indifference must be inferred from the propriety of their actions." *Dean*, 18 F.4th at 241. The Seventh Circuit has held that deliberate indifference occurs when the defendant renders a treatment decision that departs substantially from accepted professional judgment, refuses to take instructions from a specialist, knowingly persists in an ineffective treatment, or inexplicably delays medical treatment. *Petties*, 836 F.3d at 729–30.

Dr. Hill argues that he was not deliberately indifferent to Mr. Jenkins' condition because he timely referred Mr. Jenkins for a cataract consultation. But

Mr. Jenkins has designated evidence that during his March 25 visit with Dr. Hill, he complained of "severe pain and loss of vision." Dkt. 188 at 4. The designated evidence further shows that Dr. Hill told Mr. Jenkins during the March 25 appointment that he had a cataract and needed surgery yet took no action to treat or further evaluate Mr. Jenkins' condition until the April 29 visit, when he requested an outpatient referral for evaluation by an ophthalmologist. From this evidence, a reasonable jury could find that Dr. Hill was deliberately indifferent to Mr. Jenkins' serious eye condition. *See Dean*, 18 F.4th at 242.

While Dr. Hill prescribed glasses on March 25, that does not prevent a reasonable jury from finding deliberate indifference to Mr. Jenkins's eye pain. Mr. Jenkins's designated evidence is that "being fitted for glasses was the least of my worries" and that he "fully explained" to Dr. Hill "the severe pain and loss of vision" on March 25. Dkt. 188 at 4. Dr. Hill nevertheless did not address that pain. *See id.* While Dr. Hill referred Mr. Jenkins to an ophthalmologist on April 29 to address his cataracts and eye pain, a reasonable jury could conclude that Dr. Hill knew that Mr. Jenkins was experiencing pain and caused a one-month delay in his treatment without explanation. *See Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) ("The Eighth Amendment safeguards the prisoner against a lack of medical care that may result in pain and suffering which no one suggests would serve any penological purpose.").

In short, Dr. Hill does not contest at this stage that Mr. Jenkins's pain was an objectively serious medical need, and there is a triable issue of fact about whether Dr. Hill ignored that pain for a month. *See id.* at 777–78 ("A delay in

treatment may show deliberate indifference if it . . . unnecessarily prolonged [the inmate's] pain."). Dr. Hill therefore is not entitled to summary judgment.

## V.
## Conclusion

Defendant Dr. Hill's motion for leave to file a belated reply is **denied**. Dkt. [199]. His motion for summary judgment is **denied**. Dkt. [143]. The motions for summary judgment filed by the remaining defendants remain pending.

**SO ORDERED.**

Date: 9/28/2026

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ALAN W. JENKINS
870097
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

All Electronically Registered Counsel