UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALAN W. JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00591-JPH-TAB |
| | ) | |
| CENTURION HEALTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANT ROBIN WISE'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Alan Jenkins alleges that he was denied necessary medical treatment for his eye when he was incarcerated at Pendleton Correctional Facility ("PCF"). Now before the Court is Correctional Officer Robin Wise's motion for summary judgment.[1] For the reasons below, Officer Wise's motion for summary judgment is **denied**.

## I. Summary Judgment Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565,

[1] State Defendants Christina Conyers and Robin Wise both moved for summary judgment, but Mr. Jenkins then dismissed his claims against Ms. Conyers.

572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez,* 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 572 (7th Cir. 2017) (internal citation and quotation marks omitted).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II.
## Factual Background[2]

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to the non-

[2] Officer Wise argues that Mr. Jenkins's response to her motion for summary judgment does not comply with Local Rule 56(b) and, therefore, the facts alleged in that filing should be disregarded. Mr. Jenkins's deposition, designated by Officer Wise in support of her motion for summary judgment, provides evidence of his claims. In addition, Mr.

moving party and draws all reasonable inferences in that party's favor. *Khungar*, 985 F.3d at 572–73.

Mr. Jenkins was incarcerated in the L Dorm at PCF during the relevant time period, including February 22, 2022 through March 13, 2024. Dkt. 152-4 at 7.[3] Defendant, Robin Wise, worked as a corrections officer at PCF and was working at the infirmary, or medical unit, on the day of the incident at issue. Dkt. 152-1 ¶ 10; dkt. 152-18 at 8.

On January 17, 2024, Counselor Nancy Spurgin sent Mr. Jenkins to the infirmary for emergency treatment because his right eye was visibly swollen and looked infected. Dkt. 152-1 ¶ 42; dkt. 152-17. The parties dispute what happened when Mr. Jenkins arrived at the infirmary. Officer Wise designates evidence that she does not recall an interaction with Mr. Jenkins in the infirmary on that day. Dkt. 152-18 at 6. Officer Wise also designates evidence, however, that she was trained to call medical if an inmate presented with a serious medical condition; that if an inmate was sent to the infirmary as an emergency, she would call the nurse and ask if the condition constituted an emergency; and if the nurse decided it was not an emergency, the inmate would not be seen. Dkt. 152-18 at 4, 6, 7.

---

Jenkins's response to the motion for summary judgment is sworn under penalties for perjury and adequately identifies the evidence he is designating in support of his claims. The Court therefore exercises its discretion to consider this evidence. *Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013); *see Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011).

[3] References to Mr. Jenkins's deposition are to the page of the filing in the Court's electronic filing system, rather than the page number on the transcript.

Mr. Jenkins has designated contrary evidence, that when he arrived at the infirmary, Officer Wise ordered him to leave without informing medical personnel of his condition. Dkt. 183 at 7. Mr. Jenkins also designates evidence that Officer Wise did not go inside the office and refused to call the nurses' station. *Id.* at 6 (citing dkt. 2 at 14).

## III.
## Discussion

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on the states, through the Fourteenth Amendment, "to provide adequate medical care to incarcerated individuals." *Boyce v. Moore*, 314 F.3d 884, 888−89 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)). Thus, "a prison official may be held liable under the Eighth Amendment . . . 'only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006).

For purposes of summary judgment, Officer Wise does not dispute that Mr. Jenkins had a serious medical need for his eye, which was visibly swollen and in need of medical attention when he arrived in the medical unit. Dkt. 154 at 11; dkt. 184 at 3. Instead, Officer Wise argues that she was not deliberately indifferent to this serious need and that she is entitled to qualified immunity. "[Q]ualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). "Once the defense of qualified immunity is raised, a defendant is entitled to dismissal unless a plaintiff comes forward with facts showing a constitutional violation and law showing his right was 'clearly established' at the time of the alleged violation." *Thomas v. Carmichael*, 164 F.4th 1058, 1067 (7th Cir. 2026) (quoting *Siddique v. Laliberte*, 972 F.3d 898, 902-03 (7th Cir. 2020)). "The plaintiff bears the burden of demonstrating that a right was clearly established at the time the alleged violation occurred." *Green v. Newport*, 868 F.3d 629, 633 (7th Cir. 2017).

The "clearly established" standard ensures "that officials can 'reasonably . . . anticipate when their conduct may give rise to liability for damages.'" *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (quoting *Anderson v. Creighton,* 483 U.S. 635, 646 (1987)). To be "clearly established," a constitutional right "must have a sufficiently clear foundation in then-existing precedent." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). While "a case directly on point" is not required, "precedent must have placed the . . . constitutional question beyond

debate." *White v. Pauly*, 580 U.S. 73, 79 (2017) (cleaned up). Qualified immunity thus "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson,* 555 U.S. at 231.

Here, Officer Wise's arguments are based on her version of the facts, that she acted consistently with her training by conferring with a medical professional about Mr. Jenkins's condition and relying on their judgment in turning him away from the infirmary. Dkt. 154 at 12–13; dkt. 184 at 3 (citing answers to interrogatories nos. 6 & 7, dkt. 152-18 at 4–5). If this designated evidence was undisputed, Officer Wise would be entitled to qualified immunity. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (affirming dismissal of deliberate indifference claim where correctional officer's request to take injured inmate to the medical unit was denied and officer was told the medical technician would bring medical supplies to the plaintiff's cell). But Officer Wise's designated evidence isn't uncontested as Mr. Jenkins has designated evidence of a different version of events that occurred during his visit to the infirmary.

Mr. Jenkins's designated evidence is that Officer Wise did not seek medical assistance but sent him away from the infirmary without informing medical personnel of his obviously serious eye condition. Dkt. 2 at 14; dkt. 183 at 7. Although Officer Wise does not recall an encounter with Mr. Jenkins on January 17, 2024, dkt. 152-18 at 6, she argues that based on her training, she "appropriately followed protocol and carried out her duties in her role at the

infirmary on January 17, 2024." Dkt. 154 at 13–14. In support of this argument, Officer Wise cites her answers to Mr. Jenkins's interrogatories that discuss her training and what she is required to do when an inmate comes to the infirmary with a serious medical condition—inform medical personnel so they can decide whether immediate treatment is necessary. Dkt. 152-18 at 4–5.

So, there are disputed material facts as to whether Officer Wise informed medical personnel of Mr. Jenkins's condition when he came to the infirmary on January 17, 2024, and relatedly whether Officer Wise relied on medical personnel when she sent Mr. Jenkins back to his cell without being treated. Resolving these disputed facts will turn on credibility determinations, a task reserved for the jury at trial. *Miller*, 761 F.3d at 827. These disputed facts are critical and "go[] to the heart of the immunity defense." *Villalobos v. Picicco*, 168 F.4th 1057, 1064 (7th Cir. 2026).

"Qualified immunity rests on two questions: 'first, whether the facts presented, taken in the light most favorable to the plaintiff, describe a violation of a constitutional right; and second, whether the federal right at issue was clearly established at the time of the alleged violation.'" *Pryor v. Corrigan*, 126 F.4th 475, 488 (7th Cir. 2024) (citations omitted). Construing the facts in Mr. Jenkins's favor, the answer to both questions is "yes". Officer Wise would be obligated to alert medical personnel if she knew that Mr. Jenkins had a severe and painful eye condition and failure to do so would violate Mr. Jenkins's Eighth Amendment right to adequate medical care. *Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 941 (7th Cir. 2015). That right was clearly established as every

reasonable correctional officer would have understood that when Mr. Jenkins came to the infirmary seeking treatment for his eye that was visibly swollen and infected, it would violate his Eighth Amendment right to adequate medical care to simply turn him away without informing medical personnel of his condition so that medical personnel could decide whether immediate medical treatment was appropriate. *Id.* Although Mr. Jenkins does not cite "a reasonably analogous case that has both articulated the right at issue and applied it to a factual circumstance similar to the one at hand", *Villalobos*, 168 F.4th at 1063, Officer Wise has cited such a case—*Dobbey.* Dkt. 154 at 11.

There, the plaintiff reported to the prison infirmary to be treated for an abscessed tooth, but the defendant guard told him the appointment had been cancelled. *Dobbey*, 806 F.3d at 939. Mr. Dobbey told the guard that he was in pain and asked to stay in the waiting area until he could see someone who could prescribe pain medication. *Id.* The guard told Mr. Dobbey that he could not stay. *Id.* The Seventh Circuit reversed summary judgment in favor of the guard, explaining that he could be liable "for not having reported Dobbey's complaints to the dentist, or perhaps to someone else on the prison's medical staff, who could alleviate Dobbey's pain . . .." *Id.* The court explained:

> Obviously the guard can't be faulted for being unable to treat an abscessed tooth, but he can be for not having reported Dobbey's complaints to the dentist, or perhaps to someone else on the prison's medical staff, who could alleviate Dobbey's pain—even if it was just the prison pharmacist, or the medical technician to whom Dobbey had first turned. *See Arnett v. Webster,* 658 F.3d 742, 755 (7th Cir.2011); *Johnson v. Doughty*[, 433 F.3d 1001, 1010–11 (7th Cir. 2006)].

> Prison guards have a responsibility for prisoners' welfare. If a prisoner is writhing in agony, the guard cannot ignore him on the ground of not being a doctor; he has to make an effort to find a doctor, or in this case a dentist, or a technician, or a pharmacist—*some* medical professional. [Defendant guard] made no effort. He argues that he had no responsibility in the matter because Dobbey was under the care of a physician, but Dobbey was under no one's care.

*Id.* at 941. *Dobbey* therefore clearly explains that prison guards have a constitutional duty to inform medical personnel of an inmate's known serious medical condition. *See also Arnett v. Webster*, 658 F.3d 742, 755–756 (7th Cir. 2011) ("Non-medical defendants cannot simply ignore an inmate's plight. . . . Once an official is alerted of [an inmate's serious medical condition], the 'refusal or declination to exercise the authority of his or her office may reflect deliberate disregard.'").

Here, Officer Wise argues that she consulted with a medical professional before telling Mr. Jenkins to leave infirmary. But as explained, Mr. Jenkins's testimony that Officer Wise turned him away without going into the infirmary or calling anyone creates a disputed material fact. A reasonable jury that believed Mr. Jenkins's version of the events could conclude that Officer Wise did not contact medical personnel but instead decided for herself to send Mr. Jenkins back to his cell with no input from medical personnel.

In her Reply, Officer Wise further argues that she is entitled to summary judgment because no eye doctor was at the facility or available on January 17, 2024, when Mr. Jenkins arrived at the infirmary. Dkt. 184 at 4. This does not change the qualified immunity analysis. Regardless of whether a specialist was

available, a prison guard who knows an inmate has a serious medical condition has a duty to inform medical personnel so that they can decide whether immediate treatment is needed. *Dobbey,* 806 F.3d at 941. So, Officer Wise is not entitled to summary judgment based on qualified immunity. *See Chilcutt v. Santiago*, No. 22-2916, 2023 WL 4678583, at *3 (7th Cir. July 21, 2023) ("[A] district court properly denies a motion for summary judgment based on qualified immunity when the facts, viewed in the light most favorable to the plaintiff, create a genuine dispute about whether the defendants' actions violated a clearly established constitutional right") (citing *Estate of Clark v. Walker*, 865 F.3d 544, 549-50 (7th Cir. 2017)). Officer Wise's assertion of the affirmative defense of qualified immunity is, however, preserved for a later ruling upon being raised by Officer Wise after a jury settles the relevant disputes of fact at trial. *Villalobos*, 168 F.4th at 1064.

Last, based on the same disputed facts that preclude qualified immunity at this time, a reasonable jury could find that Officer Wise was deliberately indifferent to the condition of Mr. Jenkins's swollen eye, so Officer Wise is not otherwise entitled to summary judgment.

## IV.
## Conclusion

Defendant Robin Wise's motion for summary judgment, dkt. [152], is **denied**. The Court will direct further proceedings separately.

**SO ORDERED.**

Date: 11/12/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ALAN W. JENKINS
870097
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

All Electronically Registered Counsel